(74 App. Div. 282.)

HARTMANN v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. LIBEL—VIOLATION OF SANITARY ORDINANCE—SELLING TAINTED MEAT.
   A newspaper article stated that a butcher, not named, had been selling horse flesh as beefsteak; that the health board inspectors had made a tour of the West Side butcher shops, and as a result six marketmen were before the magistrate, charged with selling tainted meat; that a certain named person was arrested for having horse flesh in his store; and that five persons, including plaintiff, were held for trial for violation of an ordinance forbidding display of meat in the street. Held, that the article was not libelous per se, as charging plaintiff with a violation of Sanitary Code of the City of New York, § 50, providing for the punishment of persons selling putrid, tainted, rotten, or spoiled meat.

2. SAME—CHARGING MISDEMEANOR.
   A statement that the health board of inspectors found tainted poultry in a butcher shop is not libelous per se, as charging the butcher with

violation of Pen. Code, § 408, making it a misdemeanor to keep tainted or spoiled food for sale.

Appeal from trial term, New York county.

Action by George Hartmann against the Sun Printing & Publishing Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Benjamin Scharps, for appellant.
Franklin Bartlett, for respondent.

INGRAHAM, J. The complaint was dismissed at the end of the plaintiff's case upon the ground that the article complained of was not libelous per se. The article first charged that a butcher, not named, had been selling horse flesh as beefsteak for six weeks; that the health board inspectors had made a tour of the West Side butcher shops, and as a result "six marketmen were before Magistrate Deuel, in the Jefferson Market police court, yesterday, charged with selling tainted meat." It is then said that one John Rann was arrested for having 600 pounds of horseflesh in his store; that he was held for trial under $300 bail; and that five persons named, of whom the plaintiff was one, were held for trial for a violation of an ordinance which forbids butchers to display meat in the street. The complaint alleges that by this article the defendant charged the plaintiff with having been guilty of a violation of section 50 of the Sanitary Code of the City of New York, and that he had been guilty of the offense of selling putrid, tainted, rotten, and spoiled meat. At the trial it appeared that upon the day in question this plaintiff, with several other butchers, was charged before the magistrate with a violation of section 47 of the Sanitary Code of the City of New York, which provides that "no meat, poultry, game or fish shall be hung or exposed for sale outside of any shop or store in this city, or in the open windows and doorways thereof," and were held for trial for a violation of this ordinance, and subsequently were fined $10 each. This offense is the only offense which the article in question stated that the plaintiff had been charged with. He was not connected in any way with the previous statement that six marketmen had been charged with selling tainted meat. In fact, it was not stated that he was a marketman at all, and there was no connection in any way between the charge of selling tainted meat and the charge for a violation of the ordinance forbidding butchers to display meat in the street. No one reading this article would connect the six marketmen not named, charged with selling tainted meat, with the five butchers named, and charged with the violation of the ordinance. Nor do we think that the concluding statement, "in each store tainted poultry was found," is libelous. The statement of the fact that in a butcher shop tainted poultry had been found does not charge the butcher with a crime, and was not relied on in the complaint or upon the trial as sufficient to sustain the action. Section 408 of the Penal Code provides that "a person who, with intent that the same may be used as food, drink or medicine, sells, or offers or ex-

poses for sale, any article whatever which, to his knowledge, is tainted or spoiled, or for any cause unfit to be used as such food, drink or medicine, is guilty of a misdemeanor." The fact that in a butcher's shop there was found poultry or meat that had become tainted, when such poultry or meat was not sold or exposed for sale or intended for sale, would neither be charging a crime nor an offense of any kind. There is no allegation of special damage, and to sustain the action the article must be libelous per se. Considering the whole article, it is. quite clear that what the defendant intended to do was to give an account of a judicial proceeding before a magistrate in which this defendant, with others, had been charged with a violation of an ordinance of the city of New York, and so far as this defendant made any charge against this plaintiff his own testimony shows the article to be true.

I think the court was justified in dismissing the complaint, and that the judgment appealed from should be affirmed, with costs. All concur.